UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUKASZ RUDKOWSKI,

Plaintiff,

- against -

CAPITOL HILL PUBLISHING CORP.

Defendant.

---

Docket No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Lukasz Rudkowski ("Rudkowski" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant Capitol Hill Publishing Corp. ("Capitol" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.       This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted video of protestors in Berkeley, California, owned and registered by Rudkowski, a New York City-based photojournalist. Accordingly, Rudkowski seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.       This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.       This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.       Rudkowski is a professional photojournalist and videojournalist in the business of licensing his photographs and videos to online, print, and television stations for a fee. Rudkowski is the founder of We Are Change, an independent media organization that covers global protests, riots, and civil unrest.

6.       Upon information and belief, Capitol is a corporation duly organized and existing under the laws of the State of New York, with a place of business at 2 Park Avenue, Suite 1405, New York, New York 10016.  Upon information and belief, Capitol is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Capitol operates a page on Facebook called The Hill (the "Page").

## STATEMENT OF FACTS

**A.       Background and Plaintiff's Ownership of the Video**

7.       On April 15, 2017, Rudkowski videoed protestors in Berkeley, California (the "video").

8.       Rudkowski then uploaded the Video to his YouTube account WeAreChange. The article entitled *Berkeley Pro Free Speech Protestors Chase Out AntiFA* contained the Video. See https://www.youtube.com/watch?v=c8GVtXfATtI. The Video contained a We Are Change Logo. A true and correct copy of the Video is attached hereto as Exhibit A.

9.       Rudkowski is the author of the Video and has at all times been the sole owner of all right, title and interest in and to the Video, including the copyright thereto.

10.      The Video was registered with the U.S. Copyright Office and was given pending Copyright Registration Number 1-4965903365.  See Exhibit B.

11.     The fee has been paid and the video was deposited with the United States

Copyright Office.

**B.      Defendant's Infringing Activities**

12.     Upon information and belief, on or about April 15, 2017, Capitol created a post

on their Page entitled *Fights erupt at Berkeley rally, WATCH: Pro and anti-Trump supporters*

*clash at Berkeley rally* (the "Post") See

https://www.facebook.com/TheHill/videos/vb.7533944086/10154761950549087/?type=2&theat

er. The Post prominently featured the Video. A true and correct copy of the Video on the Post is

attached hereto in a CD in Exhibit C.

13.     The Post received 1,011,594 Views.

14.     Capitol did not license the Video from Plaintiff for its Post on the Page, nor did

Capitol have Plaintiff's permission or consent to publish the Video on its Page.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST CAPITOL)**
**(17 U.S.C. §§ 106, 501)**

15.     Plaintiff incorporates by reference each and every allegation contained in

Paragraphs 1-14 above.

16.     Capitol infringed Plaintiff's copyright in the Video by reproducing and publicly

displaying the Video on its Page. Capitol is not, and has never been, licensed or otherwise

authorized to reproduce, publicly display, distribute and/or use the Video.

17.     The acts of Defendant complained of herein constitute infringement of Plaintiff's

copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the

Copyright Act, 17 U.S.C. §§ 106 and 501.

18.     Upon information and belief, the foregoing acts of infringement by Capitol have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

19.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

20.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Video, pursuant to 17 U.S.C. § 504(c).

21.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

22.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST CAPITOL
### (17 U.S.C. § 1202)

23.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-22 above.

24.     When the Video was uploaded to YouTube, the article contained a copyrighted logo which is considered copyright management information under 17 U.S.C. § 1202(b).

25.     Upon information and belief, Capitol screen recorded the Video on Plaintiff's Youtube Page and cropped out the logo.

26.     Upon information and belief, Capitol intentionally and knowingly removed copyright management information.

27.     The conduct of Capitol violates 17 U.S.C. § 1202(b).

28.     Upon information and belief, Capitol's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

29.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Capitol intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Capitol also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Video.

30.     As a result of the wrongful conduct of Capitol as alleged herein, Plaintiff is entitled to recover from Capitol the damages, that she/he sustained and will sustain, and any gains, profits and advantages obtained by Capitol because of its violations of 17 U.S.C. §1202, including attorney's fees and costs.

31.     Alternatively, Plaintiff may elect to recover from Capitol statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Capitol be adjudged to have infringed upon Plaintiff's copyrights in the Video in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendant Capitol be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.     That, with regard to the First Claim for Relief, Plaintiff be awarded either: a)

Plaintiff's actual damages and Defendant's profits, gains or advantages of any

kind attributable to Defendant's infringement of Plaintiff's Photograph; or

b) alternatively, statutory damages of up to $150,000 per copyrighted work

infringed pursuant to 17 U.S.C. § 504;

4.     That, with regard to the Second Claim for Relief, Plaintiff be awarded either:

a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any

kind attributable to Defendant's falsification, removal and/or alteration of

copyright management information; or b) alternatively, statutory damages of at

least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information

committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.     That Defendant be required to account for all profits, income, receipts, or other

benefits derived by Defendant as a result of its unlawful conduct;

6.     That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to

17 U.S.C. § 505;

7.     That Plaintiff be awarded pre-judgment interest; and

8.     Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).

Dated:    Valley Stream, New York
           May 26, 2017

                                    LIEBOWITZ LAW FIRM, PLLC

                                    By: /s/Richard Liebowitz
                                        Richard P. Liebowitz
                                        11 Sunrise Plaza, Suite 305
                                        Valley Stream, New York 11580
                                        Telephone:  (516) 233-1660
                                        RL@LiebowitzLawFirm.com

                                    *Attorney for Plaintiff Lukasz Rudkowski*